IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDDIE LEE BANKS,
    Petitioner,

vs.                                                                    Case No. 3:10cv527/MCR/EMT

KENNETH S. TUCKER,[1]
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record  (doc. 29).  Petitioner filed a response in opposition to the motion (doc. 38).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 29, Exhibits).[2]  Petitioner was charged in the Circuit Court in and for Escambia County, Florida, with one count of sexual battery upon a person 12 years of age or older while using or threatening to use a deadly weapon (Count One), one count of aggravated battery (Count Two), one count of false imprisonment with a weapon (Count Three), and one count of lewd and lascivious or indecent assault or act upon a child (Count Four) (Ex. C at 1–4).  Following a jury trial, Petitioner was found guilty as charged on all counts (*id.* at 22–23).  He was adjudicated guilty of Counts One, Two, and

---

[1]Kenneth S. Tucker succeeded Edwin G. Buss as Secretary for the Department of Corrections, and is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d).

[2] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's answer (doc. 29).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Four on December 19, 1997, and sentenced as a habitual violent felony offender to life imprisonment on Count One, with pre-sentence credit of 407 days, and concurrent terms of thirty (30) years of imprisonment on Counts Two and Four, to run concurrently with the sentence on Count One (*id.* at 40–66, 93–99).[3]

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D98-128. The First DCA held that Petitioner's convictions of both sexual battery and lewd and lascivious conduct violated double jeopardy principles; therefore, the court reversed the conviction and sentence for lewd and lascivious conduct (Count Four) and remanded with directions to vacate same (Exs. F, G). Banks v. State, 728 So. 2d 768, 768–69 (Fla. 1st DCA 1999). On May 5, 1999, the trial court entered an Order on Remand from the First District, vacating Count Four of Petitioner's judgment and sentence and ordering entry of a Supplemental Judgement and Sentence (Ex. J; Ex. U 35–41). Petitioner did not appeal that order.

On January 21, 1998, Petitioner filed a motion for reduction or modification of sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. H). The state circuit court denied the motion on February 17, 1998, for lack of jurisdiction (Ex. I).

On September 28, 1999, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. L at 1–14). He subsequently filed a motion to amend his Rule 3.850 motion (*id.* at 15–19). On December 13, 1999, the state circuit court dismissed the Rule 3.850 motion on the ground that it did not contain a proper oath (*id.* at 20–23). The court noted that Petitioner's motion to amend was actually a demand for discovery, and denied it as moot (*id.*). The Rule 3.850 motion was dismissed without prejudice to Petitioner's re-filing a properly sworn motion within sixty (60) days (*id.*). Petitioner appealed the decision to the First DCA, Case No. 1D00-299. On March 20, 2000, Petitioner filed a motion to dismiss his appeal (Ex. M). The First DCA dismissed the appeal on March 30, 2000 (Ex. N).

On October 21, 2000 and October 23, 2000, Petitioner filed two letters with the state circuit court requesting that he be returned to court to prove his innocence, and requesting modification of his sentence (Exs. O, P). The court construed the correspondence as a motion for modification of sentence, pursuant to Rule 3.800(c), and dismissed it for lack of jurisdiction on October 31, 2000 (Ex. Q). The court noted that the proper vehicle for Petitioner to raise his arguments was a Rule 3.850 motion, but the court declined to construe the pleading as such, because it failed to comply with any of the pleading requirements of Rule 3.850, including the requirement that it be properly sworn (*id.*). Petitioner did not appeal the order.

---

[3] The trial court did not sentence Petitioner on Count Three (*see* Ex. C at 40–48).

On December 13, 2000, Petitioner filed a petition for belated appeal in the First DCA, Case No. 1D00-4875. The First DCA denied the petition per curiam without written opinion on January 25, 2001. Banks v. State, 778 So. 2d 284 (Fla. 1st DCA 2001) (Table).

On December 12, 2000, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) motion of the Florida Rules of Criminal Procedure (Exs. S, Z). On April 9, 2002, the state circuit court denied the motion on the merits (Ex. AA). Petitioner did not appeal the order.

On December 3, 2000, Petitioner filed correspondence with the state circuit court, requesting modification of his sentence (Ex. R). On December 27, 2000, he filed a Rule 3.850 motion (Ex. U at 1). On April 9, 2002, the state circuit court dismissed the Rule 3.850 motion without prejudice on the ground that the motion failed to comply with the pleading requirements of Rule 3.850, because it was not properly sworn and failed to include the procedural background information required by the rule (*id.* at 67–69). The court gave Petitioner thirty (30) days to file a facially sufficient motion (*id.*). The court additionally dismissed Petitioner's December 3, 2000 and April 23, 2001, correspondence, advising Petitioner that the appropriate manner to raise the issues mentioned in those letters was a properly pled and sworn motion for post-conviction relief (*id.*). Petitioner did not appeal the order.

On August 14, 2003, Petitioner filed another Rule 3.850 motion (Ex. U at 14–58). On August 28, 2003, the state circuit court dismissed the Rule 3.850 motion with prejudice as untimely (*id.* at 59–60). Petitioner appealed the decision to the First DCA, Case No. 1D03-4225 (*see* Ex. T). The First DCA affirmed per curiam without written opinion on December 17, 2003, with the mandate issuing January 13, 2004 (Exs. X, Y). Banks v. State, 861 So. 2d 1153 (Fla. 1st DCA 2003) (Table).

On March 2, 2004, Petitioner filed another letter with the state circuit court (Ex. BB). In an order rendered March 11, 2004, the court construed it as a Rule 3.800(c) motion to reduce or modify sentence or a motion for new trial and dismissed both requests for lack of jurisdiction on the ground that they were untimely under Rule 3.800(c) and Rule 3.590(a) (Ex. CC). Additionally, the court notified Petitioner that if he filed a future pro se motion which the court deemed frivolous or repetitious, the court would issue an order to show cause why he should not be prohibited from filing additional pleadings unless they were reviewed and signed by an attorney (*id.*). Petitioner did not appeal the order.

On March 22, 2004, Petitioner filed another letter with the state circuit court (Ex. EE at 1–4). On March 26, 2004, the court issued an order directing Petitioner to show cause why he should not be prohibited from filing additional pleadings unless they were reviewed and signed by an attorney

(*id.* at 5–6). On April 12, 2004, Petitioner filed a response to the show cause order (*id.* at 7–12). On May 17, 2004, the state circuit court dismissed Petitioner's March 22 filing and prohibited him from filing future pleadings unless they were reviewed and signed by an attorney (*id.* at 13–16). Petitioner appealed the decision to the First DCA, Case No. 1D04-2579 (*see* Ex. DD). The First DCA affirmed per curiam without written opinion on September 20, 2004, with the mandate issuing November 12, 2004 (Exs. FF, II). Banks v. State, 884 So. 2d 938 (Fla. 1st DCA 2004) (Table).

On December 24, 2009, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D09-6595 (Ex. KK). The First DCA denied the petition on January 28, 2010 (Ex. LL). Banks v. State, 27 So. 3d 725 (Fla. 1st DCA 2010).

Petitioner filed the instant habeas action on February 11, 2010 (doc. 1 at 15).[4]

II    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct appeal (doc. 29 at 5–7). The trial court rendered Petitioner's Supplemental Judgment and Sentence, the operative judgment in this case, on May 5, 1999. *See* Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) (addressing issue of what constitutes

---

[4] The page references to Petitioner's federal petition reflect the page numbers as enumerated in the court's electronic docketing system rather than those Petitioner may have assigned.

"judgment" for purposes of AEDPA's statute of limitations when petitioner is resentenced in state court and raised federal habeas claims relating only to original conviction, and holding that judgment on resentencing was judgment which triggered federal limitations period because judgment is based on both conviction and sentence). The supplemental judgment became final on June 7, 1999.[5] *See* Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); Walk v. State, 707 So. 2d 933 (Fla. 5th DCA 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (holding that if defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing direct appeal expires). Therefore, Petitioner had one year from that date, or until June 7, 2000, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira, 494 F.3d at 1289 n.1).[6] Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[5] According to the Florida rules governing appeal proceedings in criminal cases, Petitioner had thirty (30) days following rendition of the order imposing sentence to file a notice of appeal. In the instant case, the written order imposing the supplemental judgment and sentence was rendered on May 5, 1999. *See* Fla. R. App. P. 9.020(h) (order is rendered when signed, written order is filed with clerk of lower tribunal). The day the order was rendered is excluded from the 30-day calculation; therefore, the period for seeking an appeal began to run on May 6, 1999. *See* Fla. R. App. P. 9.420(f). Thirty (30) days from that date was June 5, 1999; however, because that day was a Saturday, the 30-day appeal period did not expire until the following Monday, June 7, 1999. *See id.*

[6] Petitioner does not expressly assert that a different statutory trigger applies; however, the court has reviewed his pleadings to determine whether his arguments could be liberally construed as invoking another statutory trigger. In Ground One, Petitioner asserts the evidence was insufficient to support his conviction because (1) the State failed to have the victim examined by a medical professional, (2) the State introduced hearsay statements by the family, and (3) the State failed to produce a weapon (doc. 1 at 5). In Ground Two, he asserts the evidence was insufficient to support a conviction because (1) the State failed to introduce evidence of an assault or Petitioner's intent, and (2) there were no photographs or a medical examination (*id.* at 7). In Ground Three, he asserts his conviction violated double jeopardy principles because he was charged and convicted of multiple offenses in one criminal episode (*id.* at 8). None of Petitioner's arguments suggest that a State created impediment prevented from filing his federal petition earlier. Additionally, none of his claims are based upon a newly recognized constitutional right. Finally, the factual predicate of each of his claims was discoverable prior to the date his conviction became final. Therefore, the undersigned concludes that no other statutory trigger besides § 2244(d)(1)(A) applies.

Case No.: 3:10cv527/MCR/EMT

28 U.S.C. § 2244(d)(2). The court need not undertake the complicated analysis of each of Petitioner's state court filings from 1999 to 2004 to determine whether each was "properly filed." Assuming, without deciding, that all of his filings, up to and including his March 22, 2004 letter, were properly filed and tolled the entire period from September 28, 1999 (the date of his first filing) to November 12, 2004 (the date of the First DCA's mandate in Petitioner's appeal of the order dismissing his March 22, 2004 filing), his federal petition was several years late. He filed nothing in state or federal court from March 22, 2004 to December 24, 2009. The December 24, 2009 filing did not toll the federal limitations period, because it was filed after the one-year limitations period had expired. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, Petitioner's federal petition, filed on February 11, 2010, was untimely.

Petitioner appears to assert he is entitled to equitable tolling of the federal limitations period because he is poorly educated and was forced to rely on other inmates for assistance in his post-conviction filings (doc. 38 at 1–2). He states he lacks the ability to "recognize and comprehend," has a poor vocabulary, and has the reading skills of a first-grader (*id.* at 1).[7] He states the inmates who assisted him with his post-conviction filings were not certified law clerks, and their assistance resulted in his filing frivolous pleadings in the state courts (*id.* at 2).

A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)) (internal quotations omitted); *see also* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner. *See* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004); Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Neither Petitioner's pro se status and limited education, nor the inadequacy of the assistance he received from other inmates, are extraordinary circumstances. *See* Wakefield v. Railroad

---

[7] According to Petitioner's pre-sentence investigation report, he was educated through the 9th grade (Ex. C at 36).

Case No.: 3:10cv527/MCR/EMT

Retirement Board, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling"); *see also* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days, entitled petitioner to equitable tolling of limitations period); Holloway v. Jones, 166 F. Supp. 2d 1185 (E.D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations."). Furthermore, Petitioner does not allege he made any effort to file his federal petition in a timely manner or to even attempt to discover the deadline for doing so. *See, e.g.*, Bell v. Sec'y, Dept. of Corrections, 248 Fed. Appx. 101, 104–05 (11th Cir. 2007) (prisoner did not show diligence because there was no evidence that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims.). Therefore, Petitioner has failed to show he is entitled to equitable tolling.

Petitioner has not shown he is entitled to federal review under any other exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Kenneth S. Tucker is substituted for Edward G. Buss as Respondent.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 29) be **GRANTED**.
2. That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.
3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 25th day of August 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**